# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5332**

**September Term, 2025**

**1:25-cv-01939-UNA**

**Filed On:** March 5, 2026

Darrell Prince,

       Appellant

    v.

United States,

       Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for initial hearing en banc and the supplement thereto, the motion for judicial notice, the motion for deputization, the motion for a temporary restraining order and to appoint a special master, and the motion to supplement the record, it is

**ORDERED** that the motion to supplement the record be dismissed in part as moot and denied in part. Insofar as appellant seeks to add to the record on appeal any portion of the record before the district court, the record on appeal already includes "the original papers and exhibits filed in the district court." See Fed. R. App. P. 10(a)(1). Insofar as appellant seeks any further supplementation of the record, he has not shown that such relief is warranted. It is

**FURTHER ORDERED** that the remainder of appellant's motions be denied. Appellant has not shown that he is entitled to any of the relief requested. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's August 21, 2025

**No. 25-5332**                                        **September Term, 2025**

order dismissing appellant's complaint be affirmed.  The district court correctly concluded that pro se litigants may not file qui tam complaints on behalf of the United States.  See Jones v. Jindal, 409 Fed. App'x 356 at *1 (D.C. Cir. 2011).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk